VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Amin Labbate (SBN 366888)
alabbate@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

*Attorneys for Defendant THE JOINT CORP.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYHA HENSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE JOINT CORP., and DOES 1-50,<br><br>Defendant | Case No. 2:25-cv-3006 DJC CKD<br><br>**DEFENDANT THE JOINT CORP.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, DISMISS CLASS ACTION CLAIMS, AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Hearing</u><br>Date: April 6, 2026<br>Time: 1:30 p.m.<br>Location: United States District Court<br>501 I Street, Sacramento CA<br>Courtroom 10<br>Judge: Hon. Daniel J. Calabretta<br><br>Action Filed:    October 16, 2025 |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

DEFENDANT'S MOTION TO COMPEL ARBITRATION

**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 6, 2026, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 10 of the United States District Court, Eastern District of California, Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, CA 95814, Defendant The Joint Corp. will and hereby does move this Court to compel individual arbitration of the claims of Plaintiff Tanyha Henson ("Plaintiff"), to dismiss Plaintiff's class action claims, and to stay this action pending completion of those arbitration proceedings.

This Motion is made under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and Fed. R. Civ. P. 12(b)(1) on the basis of Plaintiff's agreement to submit any claims against The Joint Corp. to individual arbitration and to waiver her right to bring class action claims. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities in support thereof, the Declarations of Steven R. Knauf, D.C. and Steven E. Swaney, the [Proposed] Order, and any other matter the Court may consider.

This Motion is made following the exhaustion of meet and confer efforts after which the parties were unable to reach an agreement. *See* Declaration of Steven E. Swaney ¶¶ 2-4.

The Joint Corp. respectfully submits this Motion for decision without oral argument.

Dated: March 2, 2026                                   VENABLE LLP


                                                       /s/ Steven E. Swaney
                                            By:        STEVEN E. SWANEY

                                                       Attorneys for Defendant THE JOINT
                                                       CORP.

---

1

DEFENDANT'S MOTION TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITES

**I.      INTRODUCTION**

At the time she signed up to receive treatment at a The Joint Chiropractic clinic, Plaintiff expressly agreed to The Joint Corp.'s Terms and Conditions of Membership. In doing so, Plaintiff agreed to arbitrate any claims relating to The Joint Corp.'s services on an individual basis, and not as a representative plaintiff or class member in any purported class action, collective action, or representative proceeding. Based on Plaintiff's agreement to arbitrate claims against The Joint Corp. on an individual basis, the Court should grant this motion, dismiss Plaintiff's class action claims, compel arbitration of Plaintiff's individual claims, and stay the proceeding pending completion of the arbitration.

First, Plaintiff and The Joint Corp. entered into a valid and enforceable agreement to arbitrate. At the time she enrolled as a member of The Joint Corp. through the Wellness Plan Membership Agreement, Plaintiff was presented with written materials expressly advising that disputes arising out of the membership relationship would be resolved through arbitration rather than litigation. The Agreement contained Terms and Conditions of Membership which conspicuously disclosed—in all capital letters—the agreement to arbitrate, the waiver of the right to participate in a class action, the types of disputes subject to arbitration, and the procedures and rules that would govern any arbitration. Knauf Decl. ¶¶ 7-8, Ex. A at p. 5 ¶ 17. Plaintiff signed the Membership Agreement and placed her initials next to a section titled "Terms and Conditions," acknowledging that she received, read, and understood the Terms and Conditions were part of her agreement with The Joint Corp. *Id*. Ex. A at p. 3.

Second, both of Plaintiff's causes of action are encompassed by the arbitration agreement, which applies to "any dispute arising from these Terms or relating to the Service(s)." Knauf Decl. Ex. A at p. 5 ¶ 17. Plaintiff's claims are all based on The Joint Corp.'s alleged omissions regarding its membership cancellation process. Those claims are directly related to The Joint Corp.'s services, namely the enrollment, billing, and cancellation policy, all of which arise from the Terms and Conditions of Membership. Thus, the arbitration agreement applies to Plaintiff's individual claims.

DEFENDANT'S MOTION TO COMPEL ARBITRATION

Third, Plaintiff waived her ability to pursue claims against The Joint Corp. in a representative capacity. The arbitration provision in the Terms and Conditions provides that users of The Joint Corp.'s services agree to arbitrate only in their individual capacity and not as a class representative, and that users waive their right to bring or be part of a class action. Knauf Decl. Ex. A at p. 5 ¶ 17. It is black-letter law that class action waivers in arbitration agreements are enforceable under the Federal Arbitration Act ("FAA"). *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350-352 (2011). Accordingly, the Court should dismiss Plaintiff's class action claims and order her to arbitrate her individual claims.

Finally, when arbitration is ordered, the FAA requires the case to be stayed. *See* 9 U.S.C. § 3 (when a suit is referred to arbitration, "the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). Accordingly, the Court should compel individual arbitration and stay this action until the arbitration proceedings have concluded.

## II.    BACKGROUND

The Joint Corp., a Delaware Corporation with its principal place of business in Scottsdale, Arizona, is a nationwide operator and franchisor of chiropractic clinics that provide members with access to walk-in chiropractic services through membership-based Wellness Plans. Knauf Decl. ¶ 2. Plaintiff Tanyha Henson is a California resident who enrolled in a Wellness Plan with a Joint Corp. franchisee. *See id*. ¶ 3.

### A.    Plaintiff Expressly Agreed to Joint Corp.'s Terms and Conditions of Membership

At all times relevant to Plaintiff's claims, prospective members seeking chiropractic treatment at a Joint Corp. franchisee were required to complete and sign a Wellness Plan Membership Agreement. Knauf Decl. ¶ 4. Plaintiff executed the Membership Agreement in connection with her enrollment at The Joint Chiropractic Citrus Heights clinic in Citrus Heights, Sacramento County, California. *Id*. ¶ 3.

The Wellness Plan Membership Agreement contains a clearly and conspicuously titled "Terms and Conditions of Membership," which are expressly incorporated into the Agreement

DEFENDANT'S MOTION TO COMPEL ARBITRATION

itself. *Id*. Ex. A at pp. 4-6. The Terms and Conditions—which were provided to Plaintiff in hard copy at the time she enrolled—formed part of the contract and governed the rights and obligations associated with Plaintiff's membership. *Id*. ¶ 10 and Ex. A at p. 3. Plaintiff signed the Membership Agreement on December 5, 2022, in which she acknowledged that she "has read this Membership Agreement and the Terms and Conditions of Membership." *Id*. Ex. A at p. 3. She also placed her initials next to a section in the Membership Agreement stating that she "agrees to be bound by the terms of this Agreement and the Terms and Conditions of Membership, which are provided below . . . [and] are incorporated hereby and are to be considered part of this Membership Agreement." *Id*.

**B.      The Governing Arbitration Agreement Language**

The Terms and Conditions attached to the Membership Agreement that Plaintiff signed contain a section titled "**17. Dispute Resolution-Mandatory Arbitration**." That section expressly states that disputes between members and The Joint Corp. must first be mediated and, if mediation is unsuccessful, resolved through binding arbitration on an individual basis only:

> In the event of any dispute, controversy, or claim arising out of or relating to these Terms and Conditions, the Agreement, your treatment or the services received at a The Joint Chiropractic clinic, Member understands and agrees that Member and the Joint Corp. (and/or a The Joint Chiropractic franchisee, as applicable) shall first attempt, promptly and in good faith, to resolve any such dispute between them by mediation. Failure by the Member to deliver a formal mediation notice prior to the inception of a legal claim or lawsuit shall constitute prima facie evidence and basis for The Joint Corp's seeking a motion to dismiss the of [sic] the lawsuit. If the parties are unable to resolve any such dispute by mediation with a reasonable time (not to exceed sixty (60) days), YOU AS THE MEMBER AGREE THAT THE DISPUTE SHALL, UNLESS OTHERWISE MUTUALLY AGREED UPON BY THE PARTIES FOR ANY PARTICULAR DISPUTE, BE RESOLVED EXCLUSIVELY BY BINDING ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION, PURSUANT TO THE THEN-CURRENT CONSUMER ARBITRATION RULES. ANY ARBITRATOIN COMMENCED BETWEEN YOU AND THE JOINT CORP. (AND/OR A THE JOINT CHIROPRACTIC FRANCHISEEE) MUST BE ARBITRATED IN PHOENIX, ARIZONA. ARBITRATION MUST BE ON AN INDIVIDUAL BASIS. THIS MEANS NEITHER YOU NOR THE JOINT CORP. (AND/OR A THE JOINT CHIROPRACTIC FRANCHISEE) MAY JOIN CLAIMS IN ARBITRATION WITH OR AGAINST OTHER USERS OR LITIGATE IN COURT OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS. YOU UNDERSTAND THAT BY AGREEING TO ARBIRATION YOU ARE WAIVING CERTAIN LEGAL RIGHTS, INCLUDING THE RIGHT TO SUE IN COURT, THE RIGHT TO HAVE THE DIPSUTE DECIDED BY A JUDGE OR JURY, AND THE RIGHT TO BRING, OR BE PART OF, A CLASS ACTION CASE.

3

Knauf Decl. Ex. A at p. 5 ¶ 17.

### C.    Plaintiff's Claims in This Lawsuit

On October 16, 2025, Plaintiff brought this action in United States District Court in the Eastern District of California. The complaint alleges that the Terms and Conditions indicate that membership can be cancelled at any time by completing a Cancellation Notice, but The Joint Corp. failed to disclose that the Cancellation Notice contains a liability release. (ECF No. 1 ¶¶ 1-2.) Plaintiff alleges the failure to disclose the liability release in the Cancellation Notice at the time of enrollment violates California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"). (*Id*. ¶¶ 25-27.) Plaintiff purports to bring this case on behalf of a class of all persons in California who enrolled in a monthly membership at any The Joint Chiropractic clinic in California within the last four years and paid at least one membership fee. (*Id*. at ¶ 19.)

On February 24, 2026, Plaintiff and The Joint Corp. participated in a private mediation session in an attempt to resolve this dispute. Swaney Decl. ¶ 3-4. The parties were unable to reach a resolution, *id*., and The Joint Corp. now moves to compel Plaintiff to arbitrate her individual claims and stay this action pending the outcome of arbitration.

## III.    LEGAL STANDARD

The Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*., which governs The Joint Corp.'s arbitration agreement, applies to "any written provision in a 'contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract.'" *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n*, 218 F.3d 1085, 1089 (9th Cir. 2000) (quoting 9 U.S.C. § 2). The FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has emphasized that the FAA creates a strong, liberal federal policy that favors arbitration. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).

"[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d

DEFENDANT'S MOTION TO COMPEL ARBITRATION

1126, 1130 (9th Cir. 2000) (quotation marks and citation omitted). Generally, the Court has authority to examine two "gateway" issues only: "(1) whether a valid agreement to arbitrate exists and . . . (2) whether the agreement encompasses the dispute at issue." *Id*. Any ambiguities relating to the scope of the arbitration clause must be resolved in favor of arbitration. *See Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989).

## IV.     ARGUMENT

### A.  The Terms and Conditions Create a Valid Agreement to Arbitrate

First, the Terms and Conditions of Membership constitute a valid and binding contract between The Joint Corp. and Plaintiff, and the arbitration clause must be enforced to compel Plaintiff to arbitrate her individual claims.

"[A]rbitration is a matter of contract." *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986) (citations omitted). Courts apply "general state-law principles of contract interpretation" to determine whether an agreement to arbitrate exists. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) (quotation omitted). Whether the mutual assent necessary for contract formation exists "is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." *Maree v. Deutsche Lufthansa AG*, 2021 WL 267853 at *2 (C.D. Cal. Jan. 26, 2021) (quoting *Deleon v. Verizon Wireless, LLC*, 207 Cal. App. 4th 800, 813 (2012)). No signature by either party is necessary to establish consent to be bound by a contract requiring arbitration of disputes. *See* 9 U.S.C. § 2; *see also Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) ("While the FAA requires a writing, it does not require that the writing be signed by the parties.") (internal quotation and citation omitted). Further, where it is clear that a party is assenting to a contract that incorporates other documents by reference, the incorporation is valid—and the terms of the incorporated document are binding—so long as the incorporation is "clear and unequivocal, the reference [is] called to the attention of the other party and he [ ] consent[s] thereto, and the terms of the incorporated document [are] known or easily available to the contracting parties." *Shaw v. Regents of Univ. of Cal.*, 58 Cal. App. 4th 44, 54 (1997).

5

Here, there can be no legitimate dispute that Plaintiff assented to the Terms and Conditions and therefore agreed to arbitrate any claims against The Joint Corp. When Plaintiff applied for a month-to-month membership with a Joint Corp. franchise in Citrus Heights, she was presented with a hard copy of the Wellness Plan Application—which included the Terms and Conditions of Membership. To complete the Application, Plaintiff was required to write her initials next to multiple provisions, signaling her acknowledgment and assent to each section. Most notably, Plaintiff initialed next to a section expressly titled **"Terms and Conditions."** Knauf Decl. Ex. A at p. 3 ¶ 5. By initialing that section, Plaintiff affirmatively agreed to be bound by the Terms and Conditions of Membership that immediately followed the signature page and spanned the next three pages of the agreement, where the arbitration provision is set forth in full. The arbitration clause was separately numbered and titled within the Terms and Conditions, and the language requiring arbitration of disputes was set forth in all capital letters. *Id*. at p. 5 ¶ 17. Moreover, Plaintiff signed at the bottom of the Membership Agreement, acknowledging that she "read this Membership Agreement and Terms and Conditions of Membership . . . and fully understands and accepts all of the obligations, rights, responsibilities, liabilities, and waivers under the Membership Agreement and Terms and Conditions of Membership." *Id*. at p. 3.

This is more than sufficient to establish that Plaintiff agreed to arbitrate disputes arising from her Membership Agreement with The Joint Corp. *See, e.g.*, *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1324-26 (9th Cir. 2015) (finding an arbitration provision enforceable where the plaintiff received written notice of the arbitration provision through a document that "explicitly notified [the plaintiff] the [Company Policy] Manual contained a Dispute Resolution Policy, and it did so in two places[,]" and the plaintiff acknowledged the same in writing); *Wolf v. ClubCorp USA, Inc.*, 2023 WL 4306693, at *4 (S.D. Cal. Jun. 30, 2023) (by signing membership application that expressly stated the member agreed to be bound by a club's Membership Bylaws and Rules and Regulations, the plaintiff assented to the Membership Bylaws which included an arbitration clause); *Lucas v. Hertz Corp.*, 875 F. Supp. 2d 991, 998-1000 (N.D. Cal. Jun. 21, 2022) (finding an arbitration provision enforceable because the

DEFENDANT'S MOTION TO COMPEL ARBITRATION

agreement expressly directed the signer to governing terms containing the arbitration clause and made clear that those terms applied to the transaction); *Valdez v. Genesis Healthcare LLC*, 2019 WL 6604868 at *6-7 (C.D. Cal. Jul. 15, 2019) (finding an arbitration provision enforceable because the plaintiff signed and initialed an agreement expressly incorporating a separate dispute resolution program by reference and acknowledged that the program affected her legal rights); *Brashear v. Halliburton Energy Servs., Inc.*, 2020 WL 4596116 at *7-8 (E.D. Cal. Aug. 10, 2020) (finding an arbitration provision enforceable because plaintiffs signed offer letters expressly stating that acceptance of employment constituted agreement to arbitrate disputes under the defendant's dispute resolution program, which was clearly referenced, incorporated by reference, and made available to plaintiffs).

Finally, whether Plaintiff read the Terms and Conditions is immaterial to the question of contract formation. *See Rowland v. PaineWebber Inc.*, 4 Cal. App. 4th 279, 286 (1992) ("A party cannot use his own lack of diligence to avoid an arbitration agreement."). Thus, Plaintiff cannot challenge her assent to the Terms and Conditions of Membership by claiming she never read them. What is relevant is that Plaintiff received clear and conspicuous notice that, by signing up for a Wellness Plan with The Joint Corp., she was agreeing to the Terms and Conditions of Membership, which included the agreement to individually arbitrate disputes. Accordingly, the arbitration agreement and class action waiver contained within the Terms and Conditions of Membership is enforceable as to Plaintiff.

**B. The Arbitration Clause Encompasses Plaintiff's Individual Claims**

Second, Plaintiff's individual claims are covered by the agreement to arbitrate. The arbitration clause in The Joint Corp.'s Terms and Conditions of Membership broadly applies to any "dispute, controversy, or claim arising out of or relating to these Terms and Conditions [and] the Agreement. Knauf Decl. Ex. A at p. 5 ¶ 17. Claims "arise[] under" an agreement when they "relat[e] to the interpretation and performance of the contract itself." *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994) (citation omitted). "[A]n agreement that requires the parties to arbitrate 'any dispute arising out of or relating to' an agreement is intended 'to reach all aspects of their relationship.'" *Neurosigma, Inc. v. De Salles*, No. 13-cv-

07973-DMG, 2014 WL 12803168, at *3 (C.D. Cal. Jan. 31, 2014) (quoting *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732 (9th Cir. 2006)).

Plaintiff's claims in this action clearly arise under the Terms and Conditions that are part of her Membership Agreement. Plaintiff alleges that the Terms and Conditions specify the requirements for cancelling a membership but fail to disclose that the Cancellation Notice contains a liability waiver. (ECF No. 1 ¶¶1-2, 12-18.) Plaintiff alleges that she would not have enrolled in a monthly membership, or would have paid less, had the Terms and Conditions disclosed that the Cancellation Notice contained a liability waiver. (*Id*. ¶ 18.) Thus, Plaintiff's statutory claims under the UCL and CLRA clearly arise from the contract she entered into with The Joint Corp., and there can be no legitimate dispute that such claims fall squarely within the scope of the arbitration clause.

### C.  Plaintiff Waived Her Ability to Bring Class Action Claims

Third, Plaintiff waived any substantive or procedural right she may have had to bring her claims on a class or collective basis. The Terms and Conditions of Membership clearly state that "ARBITRATION MUST BE ON AN INDIVIDUAL BASIS," and that by agreeing to individual arbitration the member is "WAIVING CERTAIN LEGAL RIGHTS, INCLUDING . . . THE RIGHT TO BRING, OR BE PART OF, A CLASS ACTION CASE." Knauf Decl. Ex. A at p. 5 ¶ 17. It is black-letter law that such agreements are valid and enforceable under the FAA. *See Concepcion*, 563 U.S. at 352 (holding that forcing defendants to participate in class arbitration despite having valid arbitration agreements with class action waivers "is inconsistent with the FAA"); *see also, e.g.*, *Shamblin v. Andy Frain Servs., Inc.*, 2024 WL 1199478, at *5 (E.D. Cal. Mar. 19, 2024) (holding that plaintiff waived class claims by agreeing to arbitration clause which stated that "'any claims brought . . . shall be brought in the individual capacity of' the Parties,' and 'shall not be construed to allow or permit the consolidation or joinder of other claims . . . or permit such claims or controversies to proceed as a class or collective action,' and that '[u]nder no circumstances shall this Agreement be construed to allow arbitration on a class, collective, or other similar basis'") (cleaned up).

DEFENDANT'S MOTION TO COMPEL ARBITRATION

Accordingly, the Court should dismiss Plaintiff's class claims and compel arbitration of her individual claims only. *See Shamblin*, 2024 WL 1199478 at *6 (dismissing plaintiff's class action claims based on waiver in arbitration clause).

### D.  The Action Should Be Stayed Pending Individual Arbitration

If an issue brought in a legal action is arbitrable pursuant to a valid arbitration agreement, the court must stay the federal action on application by one of the parties. *See* 9 U.S.C. § 3. Because the parties formed a valid arbitration agreement and Plaintiff's claims fall "within the scope of the arbitration agreement," a stay is mandatory. *See BrowserCam, Inc. v. Gomez, Inc.*, 2009 WL 210513, at *3 (N.D. Cal. Jan. 27, 2009); *see also Holl v. United Parcel Service, Inc.*, 2017 WL 11520143, at *3 (N.D. Cal. Sept. 18, 2017) ("[F]ederal district courts are required to stay judicial proceedings and compel arbitration of claims covered by an enforceable arbitration agreement"). Accordingly, the Court must stay this action pending the completion of arbitration.

## V.    CONCLUSION

For the foregoing reasons, The Joint Corp. respectfully requests that this Court grant this Motion, compel Plaintiff to submit her claims to individual arbitration pursuant to The Joint Corp.'s arbitration agreement, dismiss Plaintiff's class action claims, and stay this matter pending arbitration of Plaintiff's individual claims.

Dated: March 2, 2026                                         VENABLE LLP


                                                                            */s/ Steven E. Swaney*
                                                        By:        STEVEN E. SWANEY

                                                        Attorneys for Defendant THE JOINT CORP.

9

DEFENDANT'S MOTION TO COMPEL ARBITRATION