UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYHA HENSON, on behalf of herself and all others similarly situated<br>Plaintiff,<br>v.<br>THE JOINT CORP., *et al.*,<br>Defendants. | No. 2:25-cv-03006-DJC-CKD<br><br><u>ORDER</u> |

On August 13, 2026, the Court granted Defendants' Motion to Compel Arbitration, dismissing Plaintiff's class claims and staying Plaintiff's individual claims pending arbitration. (Order (ECF No. 21).) Plaintiff Tanyha Henson has filed a Motion requesting that this Court amend this prior order to certify an interlocutory appeal. (Mot. (ECF No. 22).) This motion is fully briefed and is taken under submission without oral argument pursuant to Local Rule 230(g).

Plaintiff's argument for certification centers on the modification provision of the Membership Agreement. In opposition to the Motion to Compel Arbitration, Plaintiff contended the modification provision rendered the Agreement illusory due to the fact that it permitted modifications that are effective immediately without notice. The Court's Order found that that provision did not render the Agreement illusory as the

modification provision "[wa]s silent as to whether contract changes apply to claims, accrued or known," and, thus, the implied covenant of good faith and fair dealing could fill in such that modifications did not apply retroactively to such claims. (Order at 5–6.) Plaintiff contends that the provision is nevertheless illusory because the provision "expressly eliminates notice and makes every change effective immediately." (Mot at 3.)

Generally, a party may appeal only after final judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008). In narrow circumstances, however, a district court has authority to certify a question for interlocutory appeal before final judgment where the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking certification of an interlocutory appeal bears the burden of establishing three elements: (1) the order involves a controlling question of law, (2) there is substantial ground for differences of opinion as to the question for which certification is sought, and (3) an immediate appeal may materially advance the ultimate resolution of litigation. 28 U.S.C. § 1292(b).

The Court finds that Plaintiff has not met her burden in seeking certification of an interlocutory appeal. As an initial matter, the question Plaintiff seeks to certify misinterprets this Court's Order. Plaintiff proposes the following question for certification: "Whether the implied covenant can restrict unilateral modifications to prospective application notwithstanding express language authorizing modifications without notice and making them effective immediately." (ECF No. 22 at 3.) This question incorrectly implies that the Court held that the implied covenant supplied a notice limitation. (*See id.* at 7 ("The question is whether the covenant can supply the very notice limitation the drafter expressly rejected.").) In reality, the Court made no such finding. Instead, the Court found that the Agreement was not illusory because

the implied covenant is silent as to whether contract changes apply to claims accrued or known. (Order at 5.) This is because, in considering unilateral modification provisions, courts are concerned with retroactive modifications that render them illusory. At no point did the Court find that the implied covenant supplied a notice limitation to the modification provision of the Agreement. Ignoring this misinterpretation though, Plaintiff's question can still be understood to more basically ask whether a lack of notice of unilateral modifications renders an agreement illusory.

Even liberally reading Plaintiff's proposed question, certification is inappropriate as Plaintiff has failed to meet her burden to establish that there is substantial ground for differences of opinion. While Plaintiff states that California law is unsettled on these issues, she fails to identify any cases establishing any such disagreement. Plaintiff points to cases that she asserts fail to resolve this question, but notably, Plaintiff has not pointed to any California authority which holds that an agreement is illusory due to the fact that unilateral modification of the agreement was expressly permitted without notification. On the contrary, some of the cases cited by the Plaintiff strongly suggest the opposite. For example, in *Serpa v. California Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 708 (2013), the Court noted that the trial court and Plaintiff's interpretation that California appellate court precedent required notice before modification was "questionable." Indeed, the agreement in *24 Hour Fitness, Inc. v. Superior Ct.*, 66 Cal. App. 4th 1199 (1998), on which the parties in *Serpa* relied, specifically disclaimed any requirement for advance notice but was nevertheless not found to be illusory. *Serpa*, 215 Cal. App. 4th at 708.

Plaintiff may still seek to distinguish cases like *24 Hour Fitness* on the grounds that only advance notice was disclaimed in that agreement whereas here the modification provision states that no notice shall be provided. But Plaintiff has not pointed to any case that finds that an agreement is illusory because modification is permitted without post-modification notice being provided. In the absence of any such case or a compelling argument as to why the absence of post-modification

notice renders an agreement illusory, Plaintiff cannot meet her burden to show there is substantial ground for differences of opinion as to the question for which certification is sought. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."). As Plaintiff has failed to meet her burden, the Court shall decline to certify an interlocutory appeal.

Accordingly, Plaintiff's Motion to Amend the Order to Certify an Interlocutory Appeal (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated: **October 1, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE